**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERT C. QUESADA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP-21-CV-00085-DCG-ATB** |
| | § | |
| **CARLTON HADDEN, EEOC OFD** | § | |
| **DIRECTOR AND PERSONAL** | § | |
| **CAPACITIY & ATTORNEY AT LAW,** | § | |
| **Defendant.** | § | |

**ORDER DENYING APPLICATION
TO PROCEED *IN FORMA PAUPERIS***

On this day, the Court considered Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" filed by Plaintiff Robert C. Quesada on March 31, 2021.  (ECF No. 1).  The case was assigned to United States District Judge David C. Guaderrama and referred to this Court by order on April 6, 2021.  (ECF No. 2).

Section 1915 authorizes a Court to permit the commencement of a civil action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ."  28 U.S.C. § 1915(a).  "[T]he decision of whether to grant or deny in forma pauperis status is within the sound discretion of the trial court."  *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).  In accordance with § 1915(a), "the commencement or filing of the suit depends solely on whether the affiant is economically eligible.  The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty."  *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Bell v. Children's*

*Protective Services*, 506 F. App'x 327 (5th Cir. 2013) ("Whether a party may proceed IFP in the district court is based solely upon economic criteria.").

In his Application, Plaintiff notes that he has a monthly income of $4,900[1] and savings of $500.  (ECF No. 1, p. 1-2).  Plaintiff also notes that he has two dependents and a mortgage of $300,000, a car debt of $45,000, and a student loan of $95,000.  (*Id.* at p. 2).  After due consideration, the Court finds that Plaintiff does not qualify to proceed *in forma pauperis* since he has sufficient assets to pay the required $402 filing fee.[2]  Accordingly, the Court is of the opinion that Plaintiff's Application should be **DENIED.**

The Court **HEREBY ORDERS** the following**:**

1. The Court **ORDERS** that the Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED WITHOUT PREJUDICE** to refiling.

2. The Court **ORDERS** Plaintiff to **FILE** his Complaint with the filing fee of $402 by **MAY 20, 2021**, for this case to proceed.  Plaintiff is admonished that failure to comply with this Court's Order may result in dismissal of his Complaint.

**SIGNED** and **ENTERED** this 20th day of April, 2021.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court presumes the Plaintiff has reported this amount as his combined monthly income.  *See* (ECF No. 1, p. 1) (reporting the amount of "other income" Plaintiff has "received and what [Plaintiff] expect[s] to receive in the future" as "VA 2200" and "SSDI 2700").

[2] *See, e.g.*, *Dunn v. Yeager*, No. 16-CV-0707, 2016 WL 4005431 (W.D. La. June 16, 2016) (IFP was denied where plaintiff had an annual income of $27,400, a car worth $38,000, and only $20 in cash or bank accounts); *Buckhaulter v. Bank of America Corp.*, No. 3:14-CV-545, 2014 WL 4370619 (S.D. Miss. Aug. 29, 2014) (IFP status was denied where plaintiffs had a combined monthly income of $3,600 and monthly expenses of $3,846, had a home valued at $101,000, two vehicles with a combined value of $43,000, $200 in cash and $200 in a bank account, and three minor dependents); *Duran v. Macias-Price*, No. 1:07-CV-01209, 2007 WL 2462066 (E.D. Cal. Aug. 27, 2007) (IFP was denied where plaintiff had an annual income of $36,300 with a house and two cars, one dependent, and a savings account with $76); *Ponder v. Schultz*, No. 3:02-CV-1353, 2002 WL 31114054 (N.D. Tex. Sept. 20, 2002) (IFP status was denied where plaintiff had a combined monthly income of $2,876).